CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
APR 25 2014
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| JUNIOR SPRADLIN, ) | Civil Action No. 7:14-cv-00004 |
|     Petitioner, ) | |
| ) | MEMORANDUM OPINION |
| v. ) | |
| ) | By: Hon. Jackson L. Kiser |
| WARDEN, ) |     Senior United States District Judge |
|     Respondent. ) | |

Junior Spradlin, a Virginia inmate proceeding pro se, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner challenges the validity of his confinement pursuant to the May 4, 2012, judgment of the Circuit Court of Washington County for second-degree murder after Petitioner killed a man with one punch to the head. Respondent filed a motion to dismiss, and Petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant Respondent's motion to dismiss and dismiss the petition without prejudice as unexhausted.

A federal court may not grant a § 2254 habeas petition unless the petitioner exhausted the remedies available in the courts of the state in which petitioner was convicted. 28 U.S.C. § 2254(b); Preiser v. Rodriguez, 411 U.S. 475 (1973); Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim.[1] O'Sullivan v. Boerckel, 526 U.S. 838 (1999). A habeas petitioner has not exhausted state remedies if the petitioner has the right under state

---

[1] In Virginia, a non-death row convict can exhaust state remedies in one of three ways, depending on the nature of the claims raised. First, the convict can file a direct appeal to the Virginia Court of Appeals with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against the convict. Va. Code § 17.1-411. Second, the convict can attack the conviction collaterally by filing a state habeas petition with the circuit court where the convict was convicted and then appealing an adverse decision to the Supreme Court of Virginia. Id. § 8.01-654(A)(1); Va. Sup. Ct. R. 5:9(a). Finally, the convict can exhaust remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Va. Code § 8.01-654(A)(1). Whichever route is taken, the convict ultimately must present the claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider the claims.

law to raise the question presented by any available procedure and fails to do so. 28 U.S.C. § 2254(c).

Liberally construed, Petitioner presents two claims in the instant petition: 1) trial counsel rendered ineffective assistance by not allowing Petitioner to talk and by not doing anything for him, and 2) the evidence – specifically that a) the victim did not have bruises or scratches on his head, b) the victim's alcohol content was over Virginia's limit, c) the victim's CT scan showed a large amount of subarachnoid hemorrhage, and d) Petitioner acted in self-defense – proves Petitioner is not guilty of second-degree murder.[2] Petitioner has not filed a state habeas petition to present the claims of ineffective assistance of counsel and has never presented the specific claims of innocence, as now alleged in the petition, to the Supreme Court of Virginia. Although Petitioner presented an "insufficient evidence" argument to the Supreme Court of Virginia on direct review, that appellate issue was whether the record supported the jury's finding that Petitioner punched the victim with malice. Petitioner has not raised the issue of malice in the instant petition. See Rule Gov. § 2254 Cases 2(c) (requiring a federal habeas petition to specify all the grounds for relief with supporting facts). Accordingly, Petitioner presents an unexhausted habeas petition, not a mixed petition requiring a stay. See, e.g., Rhines v. Weber, 544 U.S. 269, 273 (2005) (recognizing the difference between a mixed petition and an unexhausted petition).

---

[2] I have combined Petitioner's Ground Three and Ground Four from the form petition because Ground Three only reads, "Not Guilty." I note that Petitioner did not write a claim for Ground Two on the form petition, skipping from Ground One to Ground Three.

2

Petitioner's failure to exhaust state remedies mandates dismissal of the petition.[3]

Based upon the finding that Petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTER:** This 25th day of April, 2014.

Senior United States District Judge

---

[3] Petitioner may file a state habeas petition with the Circuit Court of Washington County or the Supreme Court of Virginia within the limitation period set forth in Virginia Code § 8.01-654(A)(2). Petitioner may refile his federal habeas petition if he unsuccessfully presents the claims to the Supreme Court of Virginia as described supra, n.1, subject to the limitations period set forth in 28 U.S.C. § 2244(d).